IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00081-REB-MJW

DAVID WAYNE HEIDTKE,

Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA,
JERE G. SUTTON,
K. CARPENTER, and
ANNA JOLLY,

Defendant.

---

**ORDER REGARDING
(1) DEFENDANT DR. SUTTON'S MOTION TO STRIKE PLAINTIFF'S
FED. R. CIV. P. 26(A)(2) WITNESS JONATHAN WOODCOCK, MD. PURSUANT TO
FED. R. CIV. P. 37(C) (DOCKET NO. 85)
AND
(2) DEFENDANT DR. SUTTON'S MOTION TO STRIKE PLAINTIFF'S
FED. R. CIV. P. 26(A)(2) WITNESS W. CARLTON RECKLING, M.D. PURSUANT TO
FED. R. CIV. P. 37(C) (DOCKET NO. 86)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant Dr. Sutton's Motion to Strike Plaintiff's Fed. R. Civ. P. 26(a)(2) Witness Jonathan Woodcock, M.D. Pursuant to Fed. R. Civ. P. 37(c) (docket no. 85) and on Defendant Dr. Sutton's Motion to Strike Plaintiff's Fed. R. Civ. P. 26(a)(2) Witness W. Carlton Reckling, M.D. Pursuant to Fed. R. Civ. P. 37(c) (docket no. 86). The court has reviewed the subject motions (docket nos. 85 and 86) and the responses (docket nos. 102 and 103) thereto. In addition, the court has

2

taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

Defendant Sutton seeks an order from this court striking Plaintiff's retained expert witnesses, Dr. Jonathan Woodcock and Dr. W. Carlton Reckling. Defendant Sutton argues that Plaintiff withheld (i.e., "sandbagged") material, substantive opinions until the close of discovery, which could have been, and should have been, disclosed as a part of the initial expert disclosures of the Plaintiff.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and district of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Fed. R. Civ. P. 26(a)(2) requires a timely disclosure of all opinions, and the bases for the opinions, of retained experts by the date set in the Scheduling Order. When new information becomes available, supplemental or rebuttal reports may be properly provided;

5. That the operative discovery cut-off date was January 6, 2011;

6. That Plaintiff disclosed his experts on September 7, 2010;

7 That Defendant Sutton disclosed his rebuttal experts on

November 10, 2010;

8. That Plaintiff's rebuttal experts Dr. Woodcock and Dr. Reckling were disclosed on December 29, 2010.  Plaintiff disclosed Dr. Reckling's rebuttal opinion on that date, and Dr. Woodcock's rebuttal opinion was disclosed on December 30, 2011, at 9:00 a.m. due to an e-mailing error.   Dr. Reckling did not provide a supplemental report, Dr. Reckling's rebuttal opinion was timely delivered to Defendant Sutton, and such opinion is proper rebuttal;

9. That on February 21, 2011, Defendant Sutton disclosed a second rebuttal report consisting of 14 pages from Dr. Pratt, long after the close of discovery and without seeking permission of the court;

10. That Plaintiff offered to motion the court for an extension of the discovery cut-off to allow **ALL** Defendants to depose Dr. Woodcock on his supplemental opinions, but this offer was rejected because Defendant Sutton wanted to re-take the depositions of Dr. Woodcock and Dr. Reckling on **ALL** topics instead of a more limited follow-up deposition.  See Exhibit 7 - e-mails attached to response (docket no. 102);

11. That Dr. Woodcock's January 3, and 6, 2011, supplemental reports were served before the close of discovery;

12. That Dr. Woodcock did not change the theory of the case or his conclusions in his supplement reports.  Dr. Woodcock's opinions

4

were expressed in his initial report and during his deposition. Dr. Woodcock testified during his deposition that had Plaintiff began treatment for the systems of CRPS, including mobilization four days after fracture, then the probably of his avoiding the CRPS would have been 80 to 99%. See Exhibit 8, at pages 22 and 24 attached to response (docket no. 102). I find none of Dr. Woodcock's rebuttal report contradicts opinions expressed during his deposition or in his initial report, nor are they "new" opinions. Accordingly, there is no basis to strike Dr. Woodcock as Plaintiff's retained expert; and

13. That Defendant Sutton has failed to demonstrate any prejudice by allowing Dr. Woodcock and Dr. Reckling to testify as to their opinions.

## ORDER

**WHEREFORE**, based upon these finding of fact and conclusion of law this court **ORDERS**:

1. That Defendant Dr. Sutton's Motion to Strike Plaintiff's Fed. R. Civ. P. 26(a)(2) Witness Jonathan Woodcock, M.D. Pursuant to Fed. R. Civ. P. 37(c) (docket no. 85) is **DENIED**;

2. That Defendant Dr. Sutton's Motion to Strike Plaintiff's Fed. R. Civ. P. 26(a)(2) Witness W. Carlton Reckling, M.D. Pursuant to Fed. R. Civ. P. 37(c) (docket no. 86) is **DENIED**; and

5

3. That each party shall pay their own attorney fees and costs for these motions.

Done this 4th day of April 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE